IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO.  17-138 |
| RALPH MALDONADO | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                              **March 8,  2022**

Defendant Ralph Maldonado again moves for compassionate release pursuant to 18 U.S.C.

§ 3582(c)(1)(A) from the 120-month sentence imposed on him on March 13, 2019.  This is

Maldonado's second attempt to obtain such relief.  His previous motion was denied by the Court

on January 15, 2021 and his letter motion for reconsideration of that decision was likewise denied

on November 19, 2021.  Maldonado appealed and his appeal is pending in the Third Circuit.

Because Maldonado still fails to make the required showing of extraordinary and compelling

circumstances warranting compassionate release on this second motion, it too shall be denied.

## BACKGROUND

On March 21, 2017, Maldonado was charged in a one-count indictment with being a

convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (1) and § 924(e).

Specifically, it was alleged that on August 20, 2015, Maldonado was found to be in possession of

two such weapons: a  .40 caliber Astra, Model A-75 and a .380 caliber Lorcin, Model L-380, both

semi-automatic pistols.  He pled guilty to the charge under § 922(g) (1) on May 9, 2018 before the

Honorable Lawrence Stengel and was sentenced by the undersigned on March 13, 2019 to a term

of 120 months' imprisonment, followed by five years' supervised release and a $100 special

assessment.   Since that time, Maldonado has been incarcerated at FCI Fort Dix in New Jersey.

In the motion now before the Court, Maldonado raises two arguments in favor of release.

First, he claims "FCI Fort Dix has had the biggest outbreak of COVID-19 with at least three (3)

deaths," such that his "housing unit is currently in isolation with no movement nor recreation due

to majority of the inmates being infected with COVID-19." Def.'s Pro Se Mot. for Comp. Rel., 1,

ECF No. 61.  Although he does not explicitly so state, the Court assumes that in making this claim,

Maldonado is re-asserting his previous arguments that his underlying medical conditions (diabetes,

obesity and high cholesterol) place him at greater risk for an adverse outcome should he contract

COVID-19 while in prison. Second, Maldonado states that his adult daughter has succumbed to

COVID-19, leaving his three granddaughters to reside with their grandmother, who "is herself

severely disabled and has needed assistance for even normal daily tasks, for several years."   Thus,

Maldonado avers his release is warranted as he is needed to care for his grandchildren.

The Government has responded and again opposes Maldonado's motion.[1]  It notes that as

Maldonado has been vaccinated and boosted against COVID-19, any risks to his health as a result

---

[1]   In his original motion, Maldonado argued that he warranted compassionate release because his
life was in jeopardy from COVID-19 due to his diabetes, obesity, and high cholesterol.  The Court
found these conditions were being appropriately managed in the prison setting and given his
lengthy criminal history, age at the time of commission of the offense, and the need to punish him,
show respect for the law, and protect the public from his commission of future crimes, denied the
motion.  It is this ruling which is now on appeal.  Although the Court now lacks the jurisdiction to
again consider Riggins' arguments in the context of this motion, it does have a few options under
Federal Rule of Criminal Procedure 37(a).  It may: "(1) defer considering the motion; (2) deny the
motion; or (3) state either that it would grant the motion if the court of appeals remands for that
purpose or that the motion raises a substantial issue." *Fed. R. Civ. Proc. 37(a)(1)-(3).*  In the event
of the last option, the movant must promptly notify the circuit clerk under Federal Rule of
Appellate Procedure 12.1 that the district court has so stated. *Fed. R. Civ. P. 37(b).*  Because the
Court finds the instant motion is properly denied on the merits, a ruling may now issue. *See,
Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); ("the filing of a notice of

of the disease are minimal.  The Government further attests that the grandmother with whom his

grandchildren are residing is not and never has been Maldonado's wife and, in any event, the oldest

child is over the age of 21 and clearly able to assist with the care of her younger siblings, who are

12 and 14 years of age.  Maldonado does not contest the Government's assertions.

**DISCUSSION**

As noted, Maldonado is incarcerated at FCI Fort Dix in Burlington County, New Jersey.

This facility is currently housing 3,270 male inmates and is at Operations Level 3.  This is the most

restrictive Operations Level under the BOP COVID-19 protocols, and requires enhanced and

frequent cleaning of all areas, masking of all inmates and staff, and daily symptom checks of any

and all inmates and staff leaving and re-entering the facility.  Visits are no-contact, staggered with

30 minutes between each to allow for cleaning and sanitizing the visiting room, and limited to two

visitors per inmate for one hour per visiting period every other week.  All visitors are to be masked

and COVID-19 screened.  www.bop.gov/locations/institutions/ftd.  So far, 300 staff members and

2,673 inmates have been fully inoculated against COVID-19 at FCI Fort Dix, not including any

additional booster shots which have been given.  www.bop.gov/coronavirus.  At present, there are

three inmates and nineteen staff members who are positive for COVID-19.  Since the pandemic's

outbreak, 1,609 inmates and 108 staff have tested positive and recovered, and there have been two

inmate and no staff deaths.  www.bop.gov/coronavirus.

According to CDC guidance, there are a number of medical conditions which put people

at greater risk of adverse outcomes from COVID-19.  These include: cancer; chronic kidney, liver

and lung diseases; diabetes; heart conditions like heart failure, coronary artery disease,

---

appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and
divests the district court of its control over those aspects of the case involved in the appeal").

cardiomyopathies, and possibly hypertension; having an immune-compromised state/weakened immune system; and obesity. www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Maldonado's medical records reflect he does have Type 2 diabetes and high cholesterol and is slightly obese with a BMI of 30. He also has a history of knee and shoulder pain and has suffered from intermittent depressive incidents over the past several years. He has been prescribed a number of different medications to treat these conditions and regularly takes Atorvastatin, Metformin, Amitriptyline, Naproxen and a low dose aspirin. All of Maldonado's medical conditions have been and continue to be under control and well-managed by the prison's health unit. Maldonado did test positive for COVID-19 in mid-February, 2021. He suffered mild symptoms only and was fully recovered within several weeks, although he continued to experience a loss of taste and smell for some six months post-recovery. Maldonado has been fully vaccinated and received a COVID-19 booster dose on October, 2021. The Court therefore finds no reason to revisit or reverse its earlier finding that Maldonado's health does not present extraordinary and compelling circumstances warranting compassionate release.

Nor does the Court find extraordinary and compelling circumstances to be presented as a consequence of the tragic passing of his adult daughter. While Maldonado has the Court's deepest sympathies, and the Court is not bound by the Sentencing Commission's policy statement,[2] the

---

[2] In the Court's earlier Memorandum denying Maldonado's first motion for compassionate release, it was observed that modification of a term of imprisonment may only be granted under § 3582(c)(1) if the Court finds after considering the applicable factors set forth in 18 U.S.C. § 3553(a) that extraordinary and compelling circumstances warrant a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Maldonado,* No. 17-138, 2021 WL 148518, *2-*3 (E.D. Pa. Jan. 15, 2021). Inasmuch as the Commission's Policy Statement has not been updated since passage of the First Step Act in 2018, it is no longer binding on the district courts. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021). The Policy Statement nevertheless continues to provide guidance on the meaning of extraordinary and compelling reasons and is properly consulted and considered in making a finding on whether such reasons are presented in a given case. *Id,* at 260.

statement continues to "shed  light on the meaning of extraordinary and compelling reasons," and "it is reasonable for [a] court to conclude that the phrase largely retained the meaning it had under the previous version of the statute." *Andrews*, 12 F.4th at 260.    The Policy Statement provides several examples of what may constitute extraordinary and compelling reasons.  These include the defendant suffering from a terminal illness, serious physical or medical condition, serious functional or cognitive impairment or experiencing deteriorating physical or mental health due to the aging process that substantially diminishes his ability to care for himself within the prison environment.  Commentary Application Note 1(A).  Additional pertinent factors arise where the defendant is at least 65 years old, has served at least 10 years or 75% of his sentence and is experiencing a serious deterioration in mental and/or physical health as a result of age, where the caregiver of a defendant's minor children dies or becomes incapacitated, or a defendant's spouse or registered partner becomes incapacitated and the defendant is that person's only available caregiver.

Maldonado's claim does not fit within any of these examples.  He is not suffering from a terminal illness, serious physical or medical condition, serious cognitive impairment or deteriorating physical or mental health due to his age and he remains able to perform all of his activities of daily living without assistance.  He is not quite 60 years old and has thus far served only a little more than three years (including good time credit) of a ten-year sentence.  His children's grandmother is not his spouse and there is no evidence she is his registered partner, and his grandchildren are not his children.  Further, his oldest grandchild, who lives with her grandmother and two younger siblings, is over the age of 21 and presumably is able to assist in whatever care might be necessary for her younger siblings, who are now approximately 12 and 14 years old.  As was stated in the prior, January 15, 2021 Memorandum adjudicating Maldonado's

prior compassionate release motion, Maldonado has thirteen prior offenses, spanning nearly thirty years and has been designated an armed career criminal. The offense to which he pled guilty in this matter involved the possession of two dangerous firearms which he was attempting to sell. Many of Maldonado's prior crimes were committed while he was on probation or supervised release and thus evince his repeated willingness to re-offend. For this reason, it was concluded that Maldonado continued to pose a danger to the community such that, in weighing the § 3553(a) factors, his ongoing incarceration was warranted to protect the public, appropriately punish and deter him from committing further crimes and to promote respect for the law. Maldonado has shown no reason to disturb these findings now and his renewed motion for compassionate release is therefore denied.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez

_____

Juan R. Sánchez,          C.J.